**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

SEAN WASHINGTON,                         :
                                         :  Civil Action No. 09-1601 (AET)
                Plaintiff,               :
                                         :
                                         :
                v.                       :   **OPINION**
                                         :
JON CORZINE, et al.,                     :
                                         :
                Defendants.              :

**APPEARANCES:**

    SEAN WASHINGTON, Plaintiff pro se
    #284553 SBI #633705B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**THOMPSON**, District Judge

    Plaintiff Sean Washington ("Washington"), currently a state
inmate confined at the New Jersey State Prison ("NJSP") in
Trenton, New Jersey, seeks to bring this action in forma
pauperis.  Based on his affidavit of indigence, the Court will
grant plaintiff's application to proceed in forma pauperis
("IFP") pursuant to 28 U.S.C. § 1915(a) (1998).  The Clerk of the
Court was directed to file Washington's Complaint submitted and
identified as docket entry no. 1 in this action, pursuant to this
Court's Order filed April 6, 2009.[1]

---

[1]  Washington had filed a Complaint in conjunction with
several other inmates in an earlier, related action, Green, et

Accordingly, at this time, the Court must review the

Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  For the reasons set forth below, the

Court concludes that the Complaint should proceed in part at this

time.

## I.  BACKGROUND

Washington brings this action against numerous defendants as

follows: Jon Corzine, Governor of the State of New Jersey; George

Hayman, Commissioner of the New Jersey Department of Corrections

("NJDOC"); Lydell Sherrer, Acting Ass't. Commissioner of the

NJDOC's Division of Operations; Robert Paterson, Director of

NJDOC's Division of Operations; Thomas Farrell, Supervisor of the

---

al. v. Corzine, et al., Civil No. 08-2585 (AET).  That earlier
Complaint had sought class certification, which was denied by
this Court in an Order filed June 24, 2008.  The June 24, 2008
Order further denied Washington's application for IFP for
purposes of his individual claims, and terminated Washington from
the earlier action, without prejudice to Washington initiating an
individual action if he provided a complete IFP application or
paid the filing fee.  On August 28, 2008, Washington submitted a
complete IFP application, but did not submit an amended
complaint.  Consequently, in an Order dated April 6, 2009, this
Court directed that a new and separate action be opened for
Washington and that the original complaint submitted in Civil No.
08-2585 be docketed in this instant matter as Washington's
Complaint and that it be deemed received by the Clerk on August
12, 2008.  The April 6, 2009 Order noted that the Washington
Complaint was to be screened pursuant to federal statutes,
namely, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

NJDOC's Health Services Unit; Dr. Ralph Woodward, NJDOC Medical Director; Michelle Ricci, NJSP Administrator; Jeffrey Bell, NJSP Ass't. Superintendent; Peter Ronoghan, NJSP Business Manager; Vaughn Hinman, NJSP Storekeeper; Correctional Medical Services, Inc. ("CMS"); David Meeker, CMS Vice-President of Operations; Dr. Lionel Anicette, CMS Statewide Medical Director; Jason Pugh, CMS Health Services Administrator at NJSP; Dr. Allen Martin, CMS Medical Director at NJSP; Dr. Abu Ashan, CMS Medical Director at NJSP; Dr. Ihuoma Nwachukwu, CMS Staff Physician at NJSP; John Doe 1 and 2 defendants; Donique Ivery, APN, CMS nurse at NJSP; University of Medicine and Dentistry of New Jersey ("UMDNJ"); Mid-Atlantic Physician's Association; Cocco Enterprises; and Anthony Minelli, CEO of Cocco Enterprises.  (Complaint, Caption and ¶¶ 14-37).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Washington alleges that he suffered a pre-incarceration accident in 1994 that caused severe trauma to his left leg. Specifically, his left ankle had been broken in three places requiring that a metal plate be implanted to hold his ankle together.  The injury required extensive and continuing rehabilitation to recover use of his ankle and prevent atrophy

and loss of function.  He also was prescribed orthopedic shoes.
(Compl., ¶ 93).

Washington also alleges that he suffers from multiple
sclerosis, which had been diagnosed in 1994.  His condition
causes him to suffer chronic spasticity, muscle cramps, back
pain, and a contributory loss of muscle function and pain in his
left ankle.  Washington states that his condition becomes so
crippling at times that he requires bed rest.  At other times, he
needs a wheelchair or crutches to ambulate.  Washington is
prescribed daily injections of copaxone and physical therapy for
his medical condition.  He states that he needs an orthopedic
mattress and chair, as well as a special handicap shower chair.
(Compl., ¶ 94).

Washington complains that he has not received proper
orthopedic care since he was confined at NJSP in 1996.  He
relates that in 1999, one of the screws holding his ankle strap
in place broke and had to be surgically removed.  The surgeon
performing the surgery recommended additional corrective surgery
to repair the ankle strap, but this recommendation has been
ignored.[2]  Moreover, the prescribed physical therapy, therapeutic
massage, heat and hydrotherapy, orthopedic mattress, chair and

---

[2]  The recommendation was made to the CMS medical director
at NJSP.

special handicapped shower chair has not been provided as
recommended.  (Compl., ¶¶ 95, 96).

Washington also complains that a medical prescription for
high-top orthopedic boots and medical sneakers, last prescribed
on October 31, 2001, have not been provided.  Washington has made
repeated and continuing medical requests and grievances for all
of his prescribed and recommended medical treatments and
orthopedic equipment.  Defendants, in particular, CMS defendants
have refused to accommodate Washington's prescribed and
recommended medical needs for no legitimate medical reason.
(Compl., ¶¶ 97, 98).

Washington asserts claims under 42 U.S.C. § 1983 that
defendants have denied him medical care and have been
deliberately indifferent to his serious medical needs, in
violation of his rights under the Eighth and Fourteenth
Amendments.  (Compl., Counts I and II).  In addition, Washington
alleges that he has been subjected to unlawful discrimination
because of his disabilities by being excluded from or denied
benefits, services, programs and activities in violation of the
American with Disabilities Act, 42 U.S.C. § 12132 (2000)("ADA")
and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)
(2000)("RHA").  (Compl., Counts VI and VII).[3]

---

[3]  Counts III through V do not pertain to Washington, and
are in fact asserted by the other plaintiffs originally bringing
this action as a class action.

Washington further asserts that defendants have violated the New Jersey Constitution, and in particular, the New Jersey Civil Rights Act, as well as New Jersey state public policy. (Compl., Counts VIII and IX). He further alleges common law tort claims of medical malpractice, negligence, and negligent infliction of emotional distress. (Compl., Counts XI, XII and XIII). Washington also asserts a claim of breach of contract for third party beneficiaries against the CMS defendants and NJDOC defendants. (Compl., Count X).

Washington seeks compensatory and consequential damages in excess of $400,000.00, plus punitive damages. He also seeks injunctive relief, namely, that he be provided necessary and proper medical care for his orthopedic, prosthetic and podiatric conditions.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is

6

proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined at the Union County Jail.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  See Erickson, 127 S.Ct. at 2200.  Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d

7

218, 236 n. 12 (3d Cir. 2004).  "Specific facts are not

necessary; the statement need only 'give the defendant fair

notice of what the ... claim is and the grounds upon which it

rests."  Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of
> the elements of a cause of action will not do, see Papasan
> v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss,
> courts "are not bound to accept as true a legal conclusion
> couched as a factual allegation").  Factual allegations must
> be enough to raise a right to relief above the speculation
> level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955,

1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Accordingly, a pro se prisoner plaintiff may allege only enough

factual matter (taken as true) to suggest the required elements

of the claim(s) asserted.  Twombly, supra; Phillips v. Allegheny,

515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

8

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

371, 373 (3d Cir. 1981).  However, where a complaint can be

remedied by an amendment, a district court may not dismiss the

complaint with prejudice, but must permit the amendment.  Denton

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d

229 (3d Cir. 2004)(complaint that satisfied notice pleading

requirement that it contain short, plain statement of the claim

but lacked sufficient detail to function as a guide to discovery

was not required to be dismissed for failure to state a claim;

district court should permit a curative amendment before

dismissing a complaint, unless an amendment would be futile or

inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.

Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights guaranteed under the

United States Constitution.  Section 1983 provides in relevant

part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   ANALYSIS

A.   ADA and RHA Claims

This Court finds that Washington has failed to state a claim

for relief under either the ADA or the RHA, at this time, as

asserted in Counts VI and VII of the Complaint.

The ADA provides, in relevant part, that "no qualified

individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be

subjected to discrimination by any such entity."  42 U.S.C. §

12132.  Similarly, Section 504 of the RHA provides that:

[n]o otherwise qualified individual with a disability in the
United States ... shall, solely by reason of her or his
disability, be excluded from the participation in, be denied
the benefits of, or be subjected to discrimination under any
program or activity receiving Federal financial assistance
or under any program or activity conducted by and Executive
agency ... .

29 U.S.C. § 794.  Cases interpreting the language of the ADA and
that of the RHA concluded that the applicable legal tests created
by these statutes are interchangeable.  Calloway v. Boro of
Glassboro Dep't of Pol., 89 F. Supp.2d 543, 551 (D.N.J. 2000).
To state a claim for violation of either the ADA or RHA,
plaintiff must show that he: (a) has a disability, (b) is
otherwise qualified to participate in a program, and (c) was
denied the benefits of the program or discriminated against
because of the disability.[4]  See Millington v. Temple Univ. Sch.
Of Dentistry, 261 Fed. App. 363, 365 (3d Cir. 2008).  Here,
Washington alleges that his ankle injury and multiple sclerosis
are serious medical conditions that qualify as a "disability"
within the meaning of the ADA and RHA, because they
"substantially limit[] one or more  ... major life activities."
42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B).  However, Washington
does not assert that he otherwise qualified for, but was excluded
from any specific program or service provided by NJSP or was
otherwise discriminated against by reason of his disability.[5]
See Iseley v. Beard, 200 Fed. App. 137, 142 (3d Cir. 2006).

---

[4]   Both the ADA and the RHA apply in the prison context.
See, e.g., Bartolomeo v. Plymouth County House of Corr., 2000
U.S. App. Lexis 20915, at *5 (1st Cir., Aug. 16, 2000).

[5]   Even if this Court is to construe Washington's allegation
(that he was denied prescribed or recommended orthopedic devices,
etc.) extra-broadly, no statement was made in the Complaint
suggests that inmates with other disabilities (or those without
any disabilities) did not suffer identical or comparable denials
as a result of the State's alleged budget-cutting measures.

Thus, Washington has not asserted a viable claim at this time under either the ADA or the RHA, and these claims will be dismissed without prejudice accordingly.

B.   Denial of Medical Care Claims

In Counts I and II, Washington asserts claims that he was denied medical care and treatment in violation of the Eighth and Fourteenth Amendments.

The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring

12

treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss."  Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the

13

propriety or adequacy of a particular course of treatment ...
[which] remains a question of sound professional judgment."
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d
Cir. 1979) (internal quotation and citation omitted).  Even if a
doctor's judgment concerning the proper course of a prisoner's
treatment ultimately is shown to be mistaken, at most what would
be proved is medical malpractice and not an Eighth Amendment
violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

     The Third Circuit has found deliberate indifference where a
prison official: (1) knows of a prisoner's need for medical
treatment but intentionally refuses to provide it; (2) delays
necessary medical treatment for non-medical reasons; or (3)
prevents a prisoner from receiving needed or recommended
treatment.  See Rouse, 182 F.3d at 197.  The court also has held
that needless suffering resulting from the denial of simple
medical care, which does not serve any penological purpose,
violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See
also Monmouth County Correctional Institutional Inmates, 834 F.2d
at 346 ("deliberate indifference is demonstrated '[w]hen ...
prison authorities prevent an inmate from receiving recommended
treatment for serious medical needs or deny access to a physician
capable of evaluating the need for such treatment"); Durmer v.
O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897
F.2d 103 (3d Cir. 1990).

     Here, Washington alleges that he has multiple sclerosis and
a serious and permanent ankle injury, which may support the first

14

prong under <u>Estelle</u>, that he suffers a serious medical condition.

Moreover, his allegations that corrective surgery, physical

therapy, and certain orthopedic devices, such as medical

sneakers, a wheelchair, etc. have been prescribed and recommended

by different physicians but denied by the defendants for non-

medical reasons, may support a claim of deliberate indifference

to satisfy the second prong under <u>Estelle</u>.  Accordingly, this

Court will allow these claims to proceed at this preliminary

screening stage.[6]

---

[6]  This Court does not make any finding at this time with
respect to whether these claims may be time-barred as noted in
its June 24, 2008 Order filed in the earlier related action,
Civil No. 08-2585 (AET).  Such assertion is an affirmative
defense that must be raised by defendants, if applicable.  The
Court does note, however, that Washington alleges repeated and
continuing acts by defendants in denying him medical care and
treatment that would suggest equitable tolling of the statute of
limitations under the continuing violations doctrine.
     The Third Circuit has recognized the continuing violations
doctrine as an equitable exception to the timely filing
requirement.  <u>Cowell v. Palmer Twp.</u>, 263 F.3d 286, 292 (3d Cir.
2001).  Although the doctrine is most frequently applied in
employment discrimination claims, it also may be used to bring a
§ 1983 claim.  <u>Id</u>.  Under the continuing violations doctrine,
"[w]hen a defendant's conduct is part of a continuing practice,
an action is timely so long as the last act evidencing the
continuing practice falls within the limitations period; in such
an instance, the court will grant relief for the earlier related
acts that would otherwise be time-barred."  <u>Brenner v. Local 514,</u>
<u>United Bhd. of Carpenters and Joiners of Am.</u>, 927 F.2d 1283, 1295
(3d Cir. 1991).
     To benefit from this rule, Washington must show that the
defendants' conduct is more than the occurrence of isolated or
sporadic acts.  <u>Cowell</u>, 263 F.3d at 292.  In making this
determination, the court should consider at least three factors:
     (1) subject matter - whether the violations constitute the
     same type of [harm], tending to connect them in a continuing
     violation; (2) frequency - whether the acts are recurring or
     more in the nature of isolated incidents; and (3) degree of
     permanence - whether the act had a degree of permanence
     which should trigger the plaintiff's awareness of and duty

C.   <u>State and Common Law Claims</u>

   Finally, the Court will exercise supplemental jurisdiction over Washington's state law and common law tort and breach of contract claims at this time because they are sufficiently related to his proceeding § 1983 claims.  28 U.S.C. § 1367(a).  The Court finds summary dismissal at this <u>sua</u> <u>sponte</u> screening stage to be premature because such claims involve issues of fact that are not susceptible to summary disposition at this early juncture.

---

      to assert his/her rights and whether the consequences of the
      act would continue even in the absence of a continuing
      intent to discriminate.

<u>Id</u>.  The degree of permanence consideration is the most important of the factors.  <u>Id</u>. (*citing* <u>Berry v. Bd. of Supervisors of Louisiana State Univ.</u>, 715 F.2d 971, 981 (5th Cir. 1983).

V.   CONCLUSION

Therefore, for the reasons set forth above, plaintiff's ADA and RHA claims (Counts VI and VII) as asserted in his Complaint will be dismissed without prejudice as against all named defendants, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, plaintiff's remaining claims will be allowed to proceed at this time.  An appropriate order follows.


                                      s/ Anne E. Thompson
                                     ANNE E. THOMPSON
                                     United States District Judge

Dated: 5/8/09

17